UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LANA MASA,

                Plaintiff,

  v.

CAILEN WEVODAU, *et al.*,

                Defendants.

No. C09-5557 FDB

ORDER TO AMEND
OR SHOW CAUSE

The case is before the Court upon review of Plaintiff's complaint. [Dkt. 1]. Plaintiff has requested issuance of summons on the named defendants. [Dkt. 2]. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

## I. DISCUSSION

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

ORDER TO AMEND OR SHOW CAUSE- 1

In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Ms. Massa appears to have failed to state a claim upon which relief can be granted.

Ms. Massa purports to sue a number of individuals, who are identified only as "free sovereign citizens in the United States, and solely responsible for their activities." [Dkt. 1 p. 2]. Ms. Massa alleges that Cailen Wevodau and R. W. Buzzard have conspired and are conspiring with the Sheriff and other judicial and executive branch actors to restrain her liberty, for violation of "two Counts of Violating the International Building Code", in Lewis County, Washington. *Id*., pp. 3-4. From her complaint, it appears that Ms. Massa was arraigned in state court on or about July 22, 2009, attended a pretrial hearing, was arrested for failing to sign a notice to appear at her trial, and is presently free on bond awaiting a trial set for "September 15th." *Id.*, pp. 6-7. Ms. Massa seeks compensatory damages "in excess of $100,000.00." *Id*.

ORDER TO AMEND OR SHOW CAUSE- 2

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

This action challenges the propriety of ongoing proceedings in a Lewis County court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

ORDER TO AMEND OR SHOW CAUSE- 3

Here, the Plaintiff has not plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding. She has also not plead any violation of rights protected by the Constitution or federal statute. If Plaintiff wishes to proceed with a claim, she must provide a short and plain statement indicating how she has suffered a violation of rights protected by the Constitution or federal statute. She must further describe how such violation was proximately caused by a person acting under color of state or federal law.

Plaintiff is also advised that under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To state a cause of action under § 1983, Ms. Massa must allege that (1) the named Defendants deprived her of a right secured by the Constitution or laws of the United States and (2) that, in doing so, the Defendants acted under color of state law. See *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156-57 (1978). Plaintiff has identified the defendants only as "free sovereign citizens," although it appears from the content of her proposed complaint that she is attempting to sue a judge (the Honorable R. W. Buzzard, a Lewis County District Court Judge), prosecutors, and others involved in her pending state criminal proceeding.

Plaintiff is advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam*

ORDER TO AMEND OR SHOW CAUSE- 4

*v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied*, 546 U.S. 1031 (2005); *Ashelman*, 793 F.2d at 1078.

Plaintiff is also advised that judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction, *Sparkman*, 435 U.S. at 356-57 (citation omitted); that is, when he or she acts in a private or nonjudicial capacity, see *Henzel v. Gerstein*, 608 F.2d 658 (5th Cir. 1979).

Finally, Ms. Massa is advised that an action for damages cannot be brought under § 1983 in anticipation of an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. A § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

ORDER TO AMEND OR SHOW CAUSE- 5

Due to the deficiencies described above, the Court will not issue the requested summons to serve the complaint. Ms. Massa may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 16, 2009.** If Ms. Massa chooses to file an amended complaint which seeks relief cognizable under 42 U.S.C. § 1983, her amended complaint shall consist of a short and plain statement showing that she is entitled to relief, and she must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of her constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Ms. Massa shall set forth her factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Ms. Massa shall present her complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5557 FDB must be written in the caption.

If Ms. Massa decides to file an amended civil rights complaint in this action, she is cautioned that if the amended complaint is not timely filed or if she fails to adequately address the issues raised herein on or before **October 16, 2009**, the Court will dismiss this action as frivolous.

1 | The Clerk is directed to send Ms. Massa the appropriate form for filing a 42 U.S.C. §
2 | 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy
3 | of the General Order to Plaintiff.

DATED this 5th day of September, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER TO AMEND OR SHOW CAUSE- 7